(Abel White *v.* Mary Weeks.)

16 *Johns. Rep.* 515. And that consideration must be expressed in the body of the deed; no parol evidence can be given thereof, unless it be contained in the deed, that a consideration did pass, then only can it be proved by parol what that consideration was. *Moore* v. *Bieham,* 4 *Bin.* 1. *Peake's Ev.* 121. *Mildmay's Case,* 1 *Coke's Rep.* 176. 1 *Phil. Ev.* 495. *Sears* v. *Brink,* 3 *Johns. Rep.* 211. 1 *Phil. Ev.* 501–2. 3 *Stark. Ev.* 995–7.

The statute of frauds and perjuries would be violated, in its spirit, by the admission of parol evidence to make this a good deed. If the consideration can be supplied by parol, so may also any other material part. The quality of the estate granted may be made out by parol, or the quantity of the land increased or diminished. The practice of expressing the consideration in the deed is almost universal, hence is a strong proof of its necessity.

*Anthony,* for defendant in error.

A deed under seal imports a consideration, whether expressed or not. *Robts. on Fraud. Con.* 119; but if it is not expressed, it may be proved by parol. 11 *Coke's Rep.* 24–5. *Jackson* v. *Fish,* 10 *Johns. Rep.* 456. *Hartley* v. *M'Anulty,* 4 *Yeates,* 95. 3 *Stark. Ev.* 1004. *Devenport* v. *Mason,* 15 *Mass.* 92. 1 *Phil. Ev.* 481-2. *Langley* v. *Brown,* 2 *Atks.* 202.

In *Moore* v. *Bieham,* 4 *Bin.* 1, this question is not raised, much less decided, for in that case the parol evidence was not offered.

If the deed was defective for want of an expressed consideration, the defendant could not take advantage of it.

Judgment affirmed.

------

## GEORGE HONNITER *against* JAMES BROWN.

A judgment was rendered by a justice of the peace for the plaintiff, the defendant appealed to the Common Pleas, he afterwards appealed from an award of arbitrators against him, and paid the costs. Upon a trial of the cause by a jury, the defendant gave evidence which had not been given to the justice nor to the arbitrators, and a general verdict was rendered in his favour. *Held:* That he was entitled to recover from the plaintiff the costs which he had paid upon the appeal.

ERROR to the Common Pleas of Lycoming county.

This suit, in which *James Brown,* the defendant in error, was plaintiff below, and *George Honniter* was defendant, originated before a justice of the peace, who rendered a judgment in favour of the plaintiff for eighty dollars, from which the defendant appealed to the Common Pleas, where the cause was referred under the compulsory arbitration law; the arbitrators made a report in favour of the plaintiff for ninety dollars. From this award the

(George Honniter *v.* James Brown.)

defendant again appealed, and paid the costs, amounting to thirty dollars. The cause was afterwards tried by a jury, and a verdict and judgment rendered for the defendant. The defendant gave evidence to the jury which had not been given to the justice, nor to the arbitrators.

The question in the court below was, whether the defendant was entitled to recover from the plaintiff the costs which he had paid when he appealed from the award of arbitrators.

That court determined that the costs paid upon the appeal, under the circumstances of this case, were not recoverable from the plaintiff.

*Parsons,* for plaintiff in error. The defendant, having given new evidence to the jury, cannot recover his own costs; under the circumstances of this case, each party must pay his own, but those which the defendant seeks to recover are the costs of the plaintiff, paid by him on the appeal. *Gonsalus* v. *Liggett,* 1 *Rawle,* 427.

*Armstrong* and *Anthony,* for defendant in error. Cited *Fleck,* v. *Boucher,* 16 *Serg. & Rawle,* 373. *Sheaffer* v. *Landis,* 1 *Serg. & Rawle,* 449. *Kimble* v. *Saunders,* 10 *Serg. & Rawle,* 193. *Purd. Dig.* 20.

This court was of opinion that the defendant was entitled to recover the costs paid by him on the appeal.

Judgment reversed.